MABEL MOULAND, Appellant, *v.* E. MARCELLA HARTY, Respondent.

MARGARETTA SAUERMAN, Appellant, *v.* E. MARCELLA HARTY, Respondent.

**Master and servant — contract of employment — share of profits — when losses may not be deducted.**

Where a contract of employment fixes the compensation at a certain sum per week, together with a share of profits obtained above the selling price on sales made to customers, losses of which no mention is made in the contract may not be deducted from the profits earned on other sales in arriving at the amount due to the employee.

APPEALS from two judgments of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of the defendant in each case, after a trial by the court without a jury.

*H. Randolph Guggenheimer,* for appellant.

*Wentworth, Lowenstein & Stern,* for respondent.

WAGNER, J. The contract in question in each case was one of employment; the salary was a fixed sum of fifty dollars per week

Appellate Term, First Department, December, 1922.      [Vol. 120

to each of the employees and, also, the profits obtained above the selling price on sales made to their customers, the selling price being fixed by the employer in accordance with a method provided in the agreement. A separate book was kept in which the profit on each sale was " credited " to plaintiffs. Except for a slight variance as to the amount of profits earned, the facts are undisputed; hence the appeal presents practically only a question of law. There were sales made in which the employer suffered a loss, which she contends should be deducted from the profits earned on other sales. That construction of the contract was accepted by the court below; and since the losses exceeded the profits, judgment was granted to the defendant. We are not in accord with that construction of the agreement. The contract makes no mention of losses; and, concededly, it is not one of partnership or joint adventure. A share of profits as salary (which is the situation here) does not, unless expressly stipulated, incur a liability for losses. Our view is, that whatever profits were realized on plaintiffs' sales constituted additional salary; they were not obligated, either by express terms or implication, to share the losses.

Since all the facts except as to the amount of profits are conceded, and since we are adopting defendant's figures of the profits earned, a new trial would be a mere formality. We, therefore, direct that the judgments of the court below be reversed, with $15 costs in each case, and that judgments be entered in favor of each of the plaintiffs for the sum of $164 and costs.

LEHMAN and McAVOY, JJ., concur.

Judgments reversed.